UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA,

                                    Plaintiff,

                    v.

ROYAL SOVEREIGN INTERNATIONAL, INC.,
a New Jersey Corporation,

                                    Defendant.

Case No. 2:25-cv-11114-MEF-JBC

**DECLARATION OF
KEUNGSOOK LIM**

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

1.    I am the sole director of defendant Royal Sovereign International, Inc. ("Royal Sovereign"). I have personal knowledge of the information set forth herein.

2.    I am Korean speaking. This Declaration, as well as the documents attached hereto as Exhibits A, B, C, and D, were translated to me and I understand their contents.

3.    The Lim Family Trust (the "Trust") was created by a trust agreement dated December 2, 2020, under the laws of New Jersey. The Trust is the sole shareholder of Royal Sovereign.

4.    I am the sole director of Royal Sovereign and the grantor of the Trust. The Trust supports the plea agreement and with me has authorized Royal Sovereign's counsel to proceed with the agreement and to act as company secretary to effectuate the agreement.

5.    Royal Sovereign is no longer operating, but the last official corporate act was to appoint Jacques Catafago as corporate secretary in order to do the plea as submitted. *See* Exhibit B attached hereto.

6.    In my June 26, 2025 declaration I indicated that Royal Sovereign has "no directors, officers, in-house attorneys or employees" and that I was a "former officer." *See* Exhibit A attached

hereto. By that I meant that no one was an active director or any officer or employee at all as the company had ceased operations. However, I technically was and am Royal Sovereign's sole director. The company remains non-operational with no intent or plan to resume.

7.      I understand that the Federal Rules of Criminal Procedure normally require a defendant to be present for proceedings like initial appearances, plea hearings, and sentencings. I also understand that pursuant to Federal Rule of Criminal Procedure 43(b)(1), when the defendant is an organization like Royal Sovereign, the defendant's presence is not required as long as the organization is represented by counsel and that its counsel is present.

8.      I consulted with Royal Sovereign's counsel, Jacques Catafago, regarding proceeding solely through Jacques Catafago, as Royal Sovereign's corporate secretary and counsel.

9.      Royal Sovereign has fully authorized Jacques Catafago to appear on its behalf and respond to the Court's questions truthfully and accurately and to answer on behalf of Royal Sovereign. Such authorization was fully informed, knowing, and voluntary.

10.     I am not aware of any reason why the hearing for Royal Sovereign to tender its guilty plea should not take place.

11.     Royal Sovereign agrees with every provision and term of the plea agreement and the proposed allocution.

12.     As the sole director of the board of directors, I authorized the guilty plea.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 18, 2025.

Dated: Seoul, South Korea
       July 18, 2025

KEUNGSOOK LIM

2

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA,

                Plaintiff,

        v.

ROYAL SOVEREIGN INTERNATIONAL, INC.,
a New Jersey Corporation,

                Defendant.

Case No. 2:25-cv-11114-MEF-JBC

**DECLARATION OF
KEUNGSOOK LIM**

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

1.     I am a former officer of defendant Royal Sovereign International, Inc. ("Royal Sovereign"). I have personal knowledge of the information set forth herein.

2.     Royal Sovereign is no longer operating and has no directors, officers, in-house attorneys or employees.

3.     If and when such situation changes, the company will provide a copy of the Consent Decree to such directors, officers, in-house attorneys and employees as required by Section III.G of the Consent Decree.

4.     Accordingly, Royal Sovereign is in compliance with Section III.G of the Consent Decree.

I declare under the penalties of perjury that the foregoing is true and correct.

Dated: Rockleigh, New Jersey
      June 26, 2025

                                    KEUNGSOOK LIM

# EXHIBIT B



## Royal Sovereign International, Inc.

**2 Volvo Drive Rockleigh, NJ 07647**

**Appointing Jacques C. as Acting Corporate Secretary**

The Lim Family Trust, hereby appoints **Jacques Catafago** as **Acting Corporate Secretary** of **Royal Sovereign International Inc.**, effective as of **5/28/25**. He is granted all powers and responsibilities customarily associated with the position including the authority to execute and enter into plea and settlement agreements for Royal Sovereign with the government.

This appointment shall remain in effect until the end of 2025, unless otherwise modified or revoked in writing.

Lim Family Trust

# EXHIBIT C



**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

_____

*970 Broad Street, 7th floor*                          *973-645-2700*
*Newark, New Jersey 07102*

OB/FMC//PL AGR
USAO # 2023R00015

June 13, 2025

Jacques Catafago, Esq.,
One Grand Central Place
47th Floor
New York, New York 10165

Re:    <u>Plea Agreement with Royal Sovereign International, Inc.</u>

Dear Mr. Catafago:

This letter sets forth the plea agreement between your client, Royal Sovereign International, Inc. ("Defendant") and the Consumer Protection Branch of the Department of Justice and the United States Attorney for the District of New Jersey and ("the Offices"). This offer will expire on July 7, 2025, if it is not accepted in writing by that date. If Defendant does not accept this plea agreement, its sentencing exposure could increase beyond what is discussed in this plea agreement as a result of the Offices' investigation.

<u>Charge</u>

Conditioned on the understandings specified below, the Offices will accept a guilty plea from Defendant to a one-count Information, which charges Defendant with knowingly and willfully failing to report information concerning consumer product safety defects, hazards, and risks, in violation of 15 U.S.C. §§ 2070(a), 2068(a)(4), and 2064(b). If Defendant enters a guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, the Offices will not initiate any further criminal charges against Defendant for failing to immediately report a substantial product hazard in connection with the distribution of 3000-series portable air conditioners between on or about July 9, 2008, and on or about August 17, 2021.

If a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, the Offices may reinstate any dismissed charges and initiate any other charges against Defendant even if the applicable statute of limitations

period for those charges expires after Defendant signs this agreement, and Defendant agrees not to assert that any such charges are time-barred.

<u>Sentencing</u>

The violation of 15 U.S.C. §§ 2070(a), 2068(a)(4), and 2064(b) to which Defendant agrees to plead guilty in Count 1 of the Information carries, for organizations, a statutory maximum fine of the greatest of (1) $500,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Defendant is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the maximum statutory fine. The Offices cannot and do not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Defendant ultimately will receive.

Further, in addition to imposing any other penalty on Defendant the sentencing judge as part of the sentence:

(1)     will order Defendant to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2)     will order Defendant to pay restitution pursuant to 18 U.S.C. § 3663A(a)(3);

(3)     may order Defendant pursuant to 18 U.S.C. § 3555, to give reasonable notice and explanation of the conviction to any victims of its offense; and

(4)     may order forfeiture, pursuant to 15 U.S.C. § 2070(c), 28 U.S.C. § 2461, and 18 U.S.C. § 981(a)(1)(C).

<u>Restitution</u>

Pursuant to 18 U.S.C. § 3663A(a)(3), Defendant agrees to pay restitution in the amount of $395,786.48 to compensate persons ("victims") who experienced bodily injury or the damage, destruction, or loss of property caused by a fire involving a portable air conditioner with a model number beginning with PAC-3012,

ARP-3012, or ARP-3014 (a "subject PAC"), for the amount of the losses caused by the fire and not previously reimbursed or covered by insurance. Defendant agrees to pay this amount to a fund maintained by the Clerk of the United States District Court for the District of New Jersey on or before July 7, 2025. If Defendant fails to pay, the Offices will withdraw this plea offer.

Pursuant to 18 U.S.C. § 3664(d)(5), the parties agree that, within 90 days of sentencing, the Offices will file a motion with the Court to distribute restitution to victims. In the event that any victim to which Defendant owes restitution cannot be located or fails to submit a restitution claim, or the payment of Defendant is otherwise refused, or in the event that any of the total restitution amount otherwise remains unpaid to victims, the parties agree that such remaining funds will be paid to the Crime Victims Fund.

Rights of The Offices Regarding Sentencing

Except as otherwise provided in this agreement, the Offices may take any position with respect to the appropriate sentence to be imposed on Defendant by the sentencing judge. The Offices may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And the Offices may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of the activities of Defendant and relevant conduct with respect to this case.

Stipulations

The Offices and Defendant will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of the Offices is based on the information and evidence that the Offices possess as of the date of this agreement. Thus, if the Offices obtain or receive additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind the Offices. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing

- 3 -

court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, the Offices and Defendant waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and the Consumer Protection Branch of the Department of Justice and cannot bind other federal, state, or local authorities. If requested to do so, however, the Offices will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Defendant except that it is part of a resolution with a pending civil matter, 2:25-cv-11114 (D.N.J.). This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any other civil or administrative proceeding against Royal Sovereign International, Inc.

No provision of this agreement shall preclude Defendant from pursuing in an appropriate forum, when permitted by law, a claim that it received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the entire plea agreement between Defendant and the Offices and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

ALINA HABBA
United States Attorney

By:  *Fatime Meka Cano*
Fatime Meka Cano
Olta Bejleri
Assistant U.S. Attorneys

APPROVED:

*Blake Coppotelli*
Blake Coppotelli,
Deputy Chief, Economic Crimes

LISA K. HSAIO
Acting Director

ALLAN GORDUS
Assistant Director

By:  *Ethan L. Carroll*
Ethan Carroll
Trial Attorney
Consumer Protection Branch
Civil Division
United States Department of Justice

I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, and restitution. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

My client has authorized me to act on behalf of Royal Sovereign International, Inc. ("Defendant") as its Acting Corporate Secretary. On behalf of Defendant, I accept this letter's terms and conditions and acknowledge that the letter constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. Defendant wants to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

| _____<br>Jacques Catafago, Esq.<br>Counsel for Royal Sovereign<br>International, Inc.<br>Acting Corporate Secretary for Royal<br>Sovereign International, Inc. | Date:  June 13, 2025 |
|---|---|

- 6 -

<u>Plea Agreement with Royal Sovereign International, Inc.</u>

<u>Schedule A</u>

1.    The Offices and Royal Sovereign International, Inc. ("Defendant"), recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2.    The version of the Guidelines effective November 1, 2024, applies in this case.

<u>Knowing and Willful Failure to Report Immediately Information Concerning Consumer Product Safety Defects, Hazards, and Risks</u>

3.    The parties agree that no precise determination of the guideline fine range is required because it is readily ascertainable that Defendant cannot and is not likely to become able to pay the minimum of the guideline fine range.

4.    The parties agree that pursuant to U.S.S.G. § 8C3.3(a), no fine should be imposed.

5.    If the total fine, restitution, and/or forfeiture imposed does not exceed $400,000, and except as specified in the next paragraph below, Defendant will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the total fine, restitution, and/or forfeiture imposed is at least $395,786.48, the Offices will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

6.    Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement.

# EXHIBIT D



**U.S. Department of Justice**
*United States Attorney's Office*
*District of New Jersey*

*Consumer Protection*
*Branch*

---

*970 Broad Street, 7th floor*
*Newark, New Jersey 07102*
*Phone: 973-645-2700*
*Fax: 973-645-2702*

*450 Fifth Street, NW, 6th*
*Fl.*
*Washington, D.C. 20001*
*Phone: 202-514-2000*
*Fax: 202-514-8742*

July 9, 2025

Honorable Michael E. Farbiarz
United States District Judge
U.S. Post Office & Courthouse Bldg.
2 Federal Square
Newark, NJ 07102

Re:  <u>United States v. Royal Sovereign International, Inc.</u>

Dear Judge Farbiarz:

The parties in the above-referenced case have entered into an agreement pursuant to which the defendant, Royal Sovereign International, Inc. ("Royal Sovereign"), will enter a plea of guilty to a one-count Information charging it with knowingly and willfully failing to report information concerning consumer product safety defects, hazards, and risks, in violation of Title 15, United States Code, Sections 2070(a), 2068(a)(4), and 2064(b). The defendant is scheduled to enter its plea before Your Honor on July 16, 2025, at 10:00 A.M. Copies of the signed plea agreement and an Information are enclosed for your review.

<u>CONSENT TO PROCEED THROUGH COUNSEL ONLY</u>

Pursuant to Federal Rule of Criminal Procedure 43(b)(1), Royal Sovereign waives its right to appear at the plea hearing and has elected to appear solely through its counsel, Jacques Catafago, Esq.[1] The Government respectfully proposes that the Court address the following questions to Mr. Catafago to confirm Royal Sovereign's intent to proceed though counsel only:

(1)    Do you understand that the Federal Rules of Criminal Procedure normally require a defendant to be present for proceedings like

---

[1] "A defendant need not be present under any of the following circumstances: (1) *Organizational Defendant.*  The defendant is an organization represented by counsel who is present."  Fed. R. Crim. Pro. 43(b).

initial appearances, plea hearings, and sentencings?

(2) Do you understand that, pursuant to Federal Rule of Criminal Procedure 43(b)(1), when the defendant is an organization like a corporation, the defendant's presence is not required as long as the organization is represented by counsel and that its counsel is present?

(3) Did you consult with your client, Royal Sovereign, regarding waiving its appearance today and instead conducting this proceeding solely through you as Royal Sovereign's counsel?

(4) Has Royal Sovereign fully authorized you to appear today on its behalf and respond to the Court's questions truthfully and accurately and to answer on behalf of Royal Sovereign?

(5) Are you satisfied that such authorization was fully informed, knowing, and voluntary?

(6) Are you aware of any reason why we should not proceed with the hearing today?

## THE INFORMATION

The proposed Information charges that from on or about November 3, 2010, until on or about August 17, 2021, Royal Sovereign knowingly and willfully failed to furnish immediately to the Consumer Product Safety Commission information required by Title 15, United States Code, Section 2064(b), namely, information which reasonably supported the conclusion that consumer products it imported and distributed, namely, 3000-Series Portable Air Conditioners, contained a defect which could create a substantial product hazard and created an unreasonable risk of serious injury or death, in violation of Title 15, United States Code, Sections 2064(b), 2068(a)(4), and 2070(a).

## THE STATUTES

Section 2070(a) of Title 15 of the United States Code imposes criminal penalties for violations of Section 2068.

Section 2068(b) of Title 15 of the United States Code provides that "[i]t shall be unlawful for any person to . . . fail to furnish information required by section 2064(b) of this title."

- 2 -

Section 2064(b) of Title 15 of the United States Code explains that the obligation to "furnish information" includes, as relevant here, the following:

> Every manufacturer[2] of a consumer product[3] . . . distributed in commerce, and every distributor[4] and retailer of such product, who obtains information which reasonably supports the conclusion that such product—
> . . .
>> (3) contains a defect which could create a substantial product hazard described in subsection (a)(2); or
>>
>> (4) creates an unreasonable risk of serious injury or death,
>
> shall immediately inform the Commission of such failure to comply, such defect, or of such risk, unless such manufacturer, distributor, or retailer has actual knowledge that the Commission has been adequately informed of such defect, failure to comply, or such risk.

Subsection (a)(2) of the same section defines the term "substantial product hazard" to mean, as relevant here, "a product defect which (because of the pattern of defect, the number of defective products distributed in commerce, the severity of the risk, or otherwise) creates a substantial risk of injury to the public."

---

2  Section 2052 of Title 15 of the United States Code defines "manufacturer" to mean "any person who manufactures or imports a consumer product."

3  Section 2052 of Title 15 of the United States Code defines "consumer product" to include, as relevant here:

> any article, or component part thereof, produced or distributed (i) for sale to a consumer for use in or around a permanent or temporary household or residence, a school, in recreation, or otherwise, or (ii) for the personal use, consumption or enjoyment of a consumer in or around a permanent or temporary household or residence, a school, in recreation, or otherwise[.]

4  Section 2052 of Title 15 of the United States Code defines "distributor" to mean "a person to whom a consumer product is delivered or sold for purposes of distribution in commerce, except that such term does not include a manufacturer or retailer of such product."

- 3 -

MAXIMUM PENALTIES

The violation of Title 15, United States Code, Sections 2064(b), 2068(a)(4), and 2070(a) charged in the Information carries, for organizational defendants like Royal Sovereign:

(1)   a statutory maximum fine equal to the greatest of (a) $500,000, (b) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

In addition:

(2)   All fines or restitution in excess of $2,500 imposed by the Court are subject to the payment of interest.

(3)   Under 18 U.S.C. § 3013, in addition to imposing any other penalty on the defendant, the Court will order it to pay an assessment of $100, which must be paid on or before the date of sentencing;

(4)   Under 18 U.S.C. § 3663A(a)(3), the Court will order the defendant to pay restitution;

(5)   Under 18 U.S.C. § 3555, the Court may order the defendant to give reasonable notice and explanation of the conviction to any victims of its offense; and

(6)   Under 15 U.S.C. § 2070(c), 28 U.S.C. § 2461, and 18 U.S.C. § 981(a)(1)(C), the Court may order "the forfeiture of assets associated with the violation."

THE PLEA AGREEMENT

The plea agreement provides that, if the defendant enters a guility plea and is sentenced on this charge, and otherwise fully complies with all the terms of this agreement, the Offices will not initiate any further criminal charges against the defendant for failing to immediately report a substantial product hazard in connection with the distribution of 3000-series portable air conditioners between on or about July 9, 2008, and on or about August 17, 2021.

Pursuant to 18 U.S.C. § 3663A(a)(3), the parties agree that the defendant will pay restitution in the amount of $395,786.48 to compensate persons who

- 4 -

experienced bodily injury or the damage, destruction, or loss of property caused by a fire involving a portable air conditioner with a model number beginning with PAC-3012.

However, if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, the Offices may reinstate any dismissed charges and initiate any other charges against the defendant even if the applicable statute of limitations period for those charges expires after the defendant signed this agreement, and the defendant agrees not to assert that any such charges are time-barred.

The plea agreement contains an appellate waiver, and a Schedule A with certain stipulations.

## WAIVER OF RIGHT TO APPEAL

The plea agreement in this matter includes a waiver of certain rights to file an appeal, collateral attack, writ, or motion after sentencing. Accordingly, the government respectfully requests that the Court ask defense counsel the following questions to ensure that his client understands these additional rights that it is giving up:

(1)     Does your client understand that, in the absence of a waiver, the law permits every defendant to file an appeal of a conviction or sentence if the defendant believes there has been an error?

(2)     Does your client understand that, in the absence of a waiver, it has a right, if it believes there has been an error, to file a collateral challenge to its conviction or sentence under 28 U.S.C. § 2255?

(3)     Does your client understand that, by pleading guilty, it is automatically waiving its right to appeal any errors that occurred before its entry of this guilty plea, including any rulings on any pretrial motions it may have filed?

(4)     Does your client understand that it is generally giving up its right to appeal or otherwise challenge its sentence under the circumstances set forth in its plea

- 5 -

agreement and that there are narrow exceptions to that general waiver?

    a.  For example, does your client understand that it may still raise a claim that it received ineffective assistance of counsel from its defense counsel?

(5)    Did you discuss the effect of this unconditional guilty plea, and the terms and effects of this waiver of appeal and waiver of the right to file for post-conviction relief with your client?

(6)    Is your client satisfied with the explanation that you provided regarding the waiver of appeal and waiver to file for post-conviction relief set forth in the plea agreement?

## ELEMENTS OF THE OFFENSE

The elements of a violation of of Title 15, United States Code, Sections 2064(b), 2068(a)(4), and 2070(a) are as follows:

(1)    The defendant was a manufacturer, importer, distributor, or retailer of consumer products;

(2)    The consumer products were distributed in commerce and subject to the jurisdiction of the Consumer Product Safety Commission;

(3)    The defendant obtained information that reasonably supported the conclusion that the consumer products

    a.  contained a defect that could create a substantial product hazard, or
    b.  created an unreasonable risk of serious injury and death; and

(4)    The defendant knowingly and willfully failed to immediately inform the Consumer Product Safety Commission of such defect or such risk, without having actual knowledge that the Consumer Product Safety Commission had been adequately informed of such defect or such risk.

- 6 -

FACTUAL BASIS FOR THE PLEA

In order to establish a factual basis for defendant Royal Sovereign's guilty plea to the Information charging a violation of Title 15, United States Code, Sections 2064(b), 2068(a)(4), and 2070(a), the government respectfully suggests that the Court ask defense counsel the following questions:

(1)    Did Royal Sovereign International, Inc., which I will refer to as "Royal Sovereign," import and distribute in commerce the 3000-Series portable air conditioners described in the information?

(2)    Were the 3000-Series portable air conditioners "consumer products" within the meaning of the Consumer Product Safety Act?

(3)    Were the 3000-Series portable air conditioners subject to the jurisdiction of the Consumer Product Safety Commission, or "CPSC"?

(4)    Did the 3000-Series portable air conditioners contain product defects that created the risk of uncontrolled fire, as detailed in the information?

(5)    Did Royal Sovereign, through its CEO, Takwan Lim, know about its legal obligation to report to CPSC defects with consumer products which could create a substantial product hazard or created an unreasonable risk of serious injury or death?

(6)    By November 3, 2010, had Royal Sovereign learned from consumer complaints and lawsuits that the 3000-Series portable air conditioners had caused at least 16 separate fires?

(7)    Did this information reasonably support the conclusion that the 3000-Series portable air conditioners contained a defect that could create a substantial product hazard, or created an unreasonable risk of serious injury and death?

- 7 -

(8)     Did Royal Sovereign willfully fail to report this information immediately to CPSC, including by misleading CPSC regarding the products' safety in November 2010 in response to CPSC's inquiry following a fire caused by one of the air conditioners?

(9)     Did Royal Sovereign continue selling the 3000-Series portable air conditioners until 2014?

(10)    Did Royal Sovereign avoid recalling the 3000-Series portable air conditioners until 2021?

(11)    After November 2010, did the 3000-Series portable air conditioners cause at least 12 separate fires?

(12)    Was one of those fires an August 2016 fire in Smithtown, New York, that killed a 36-year-old mother and injured her two young children?

(13)    Did Royal Sovereign fail to make a complete report to CPSC regarding the 3000-Series portable air conditioners' defects until August 17, 2021?

(14)    At any time between November 3, 2010, and August 17, 2021, did Royal Sovereign have actual knowledge that the CPSC had been adequately informed of the product defects and their risk?

(15)    Does Royal Sovereign agree that its conduct resulted in losses totaling at least $395,786.48?

The United States represents to the Court that at trial, it would be prepared to prove beyond a reasonable doubt all of the facts Royal Sovereign's counsel has affirmed and all of the essential elements of the offense charged in the proposed Information.

- 8 -

The United States believes that these representations, in conjunction with defense counsel's affirmative answers to the foregoing questions, will provide a sufficient factual basis for acceptance of Royal Sovereign's guilty plea to the charges set forth in the proposed Information.

Respectfully submitted,

ALINA HABBA
United States Attorney

By: *Fatime Meka Cano*

Fatime Meka Cano
Olta Bejleri
Assistant U.S. Attorneys

LISA K. HSAIO
Acting Director

By: *Ethan L. Carroll*

Ethan Carroll
Trial Attorney
Consumer Protection Branch
United States Department of Justice

Encls.

cc:     Jacques Catafago, Esq. (w/encls.)

- 9 -